The next case, the Plaintiff Viani is on submission, but we have argument given to the defendant's appellees. Thank you. Thanks. Good morning, Your Honor. Good morning. May it please the Court. My name is Walter McGinnis, Gladstein-Riefen McGinnis, and I appear on behalf of the union. You can just raise it up. Thank you. Sorry. The union. Yes. Mr. Viani brought this case because it was denied the benefits of a jointly-trustee, a Taft-Hartley health benefit plan administered by trustees appointed by the union and by a group of employers. He was the plan provides for benefits for employees of employers who have a collective bargaining agreement with the union and are covered by that collective bargaining agreement. Mr. Viani was denied the benefits he sought because it was determined that he was not covered by that collective bargaining agreement. He contends that the decision that he wasn't covered was wrong, that the union should have taken another position, that the fund should have decided he was covered and that he should have gotten those benefits. In the alternative, he argues that it was unlawful for the union and the employer to exclude him from coverage of the agreement. The subject of his coverage by the collective bargaining agreement was itself the subject of an arbitration brought by the health fund in 2009 that resulted in an arbitration award in 2010 in which the arbitrator held that Mr. Viani's position was not covered by the collective bargaining agreement. The fund had notified Mr. Viani in advance of the arbitration, invited him to participate. He did not do so. The arbitrator noted that in the arbitrator's decision. And that award came down in March of 2010, and Mr. Viani did not file this action until 1st March of 2016. But when he filed it, he included no substantive allegations of fact, and his claim was amended in July of 2016, more than six years after this particular award that he was notified of. I have a more procedural question. So Judge Kodal. Yes. Entertained a motion to dismiss, but then he also converted it into a motion for summary judgment, right? Yes, Your Honor. And was that necessary? Well, Your Honor, it was not necessary to the union's motion to dismiss nor to the employer's motion to dismiss, and we did not seek to add anything to the record. His decision with respect to the union and the employer was based entirely on the documents that were submitted by Mr. Viani himself. The complaint, the allegations of the complaint, and the attachments to it. But what you were relying on were documents referred to in the complaint or incorporated into the complaint? Yes, Your Honor. Judge Kodal did two things, Your Honor. First, he decided that that arbitration decision collaterally stopped Mr. Viani from raising the issue of whether he was covered by the collective bargaining agreement. That kind of non-party issue preclusion is an exception to the rule, but he found that the fund occupied a fiduciary relationship to Mr. Viani, its interests were exactly aligned with his, and they represented him fully and fairly in the arbitration. But secondly, Your Honor, irrespective of whether the award was itself collaterally stopped, every single claim that Mr. Viani asserts here is clearly barred by the statute of limitations. All of the facts that underlie his claims were well known to him in March of 2010 at the latest. He claims that the union breached its duty of fair representation. That's subject to a six-month statute of limitations. He claims that the union violated the LMRDA, Landrum-Griffin. That's subject to either a six-month statute of limitations or a three-year statute of limitations. He claims that the union was involved in a civil RICO conspiracy. That's subject to a four-year statute of limitations. Every single one of these is time-barred. That's all apparent from the face of the complaint? The complaint is prolix, Your Honor. It goes on for 75 pages and includes all of these allegations, including allegations of when he learned of the facts he's complaining of and the particular documents that he attaches. Two quick points. I know I'm at my time. I'm sorry, Judge. The statute of limitations is not told simply because Mr. Viani persists in asking again and again and again for the same relief that he was denied by the discreet acts before March of 2010. And secondly, the fact that the harm he feels of not being covered by these health benefit plans continues does not make the claim a continuing violation when it's the product of a single discreet or discreet acts way back when. Thank you, Your Honor. Thank you, counsel. We'll now hear from representatives for Hector Figueroa. And you can bring the microphone down, counsel.  May it please the court. My name is Ira Sturm, and I represent what we have referred to as the fund appellees. These are the officers and various administrators of the funds whom Mr. Viani chose to sue. I would like to address my comments to the court concerning the standard of review in the context of what level of review the court gives. First, I would like to point out to the court that I suggested that the courts review the judicial estoppel or the arbitration estoppel from a abuse of discretion based upon dicta in a Sixth Circuit court. Since then, the Sixth Circuit has chosen to remain with the de novo standard. And I can point to a case that says that. So in that context, I would now point to the context of whether or not this court may address equitably tolling the statute of limitations. A counsel for the union has set forth his argument that everything is told. And review of the complaint and all the attachments to the complaint establishes that every cause of action is told. And now the question remains as to whether or not the court can review and what standard of review the court should give to Judge Colton's decision. It is opposition that the tolling of the statute of limitations is reviewed under the clearly erroneous standard as set forth in Jenkins v. Green, 630 Fed 3rd 298. There are exceptions, and what that comes down to is extraordinary situations, which New York Court of Appeals has defined as including fraud, misrepresentation, or deception. And in this case, I don't think you can find or even find a hint where anybody has engaged in a fraud, misrepresentation, or deception. Especially the funds who initially were of the opinion that Mr. Viani should have been included under the collective bargaining agreement. Your Honor, Judge Pula, in a recent case involving the funds, Veltri, concluded that equitable tolling would apply to a situation where the funds specifically did not comply with the statutory notice obligation. Obviously, that has no application here, and in Veltri, the person seeking the relief was a beneficiary of the funds. At hand, Mr. Viani is not even a participant or a beneficiary of the funds. He has no standing to sue the funds under ERISA. We also have a situation where Judge Lohier in Prerada v. Banco, 753 Fed 3rd, held that the plaintiff would have, that the party seeking relief would have to have shown reasonable diligence before the court would even address the concept of equitably tolling the statute of limitation. And here, Mr. Viani had engaged in absolutely no diligence. He sat on his right since 2003 when he was hired, since 2008 when he was specifically excluded from the collective bargaining agreement, and specifically from the time he knew of the arbitration award almost seven years ago. I see that my time is up. If the court has no questions, I will defer. Thank you, counsel. And representing the property owners. Good morning. May it please the court, my name is Meredith Cavallaro, and we represent the employer defendants. Many of the arguments mirror that which has been said, so in the interest of being brief, I think the claims asserted against the employer are largely rooted in discrimination and fraud claims based on Viani's alleged improper exclusion from the union. And as we've heard, the lower court appropriately held that those, the exclusion claim was decided already by the arbitration, and even if it had not been, all of the claims grounded in fraud and discrimination are barred by the statute of limitations. The claims for race discrimination under 1981, the last allegation of any sort of purported discriminatory conduct is over four years prior to the filing of the complaint, irrespective of when you consider the complaint filed, when it was originally filed or when it was amended. Similarly, any claims for fraud based on conduct at the arbitration, first off, the fraud claim doesn't claim that there was any misrepresentation made to Viani which would support a fraud claim, but even if it had, those claims are barred no matter how you look at the fraud claim based on the statute of limitations. I think from the employer's perspective, that's all we have, unless the court has any questions. I have no questions. Thank you all. Thank you. Mr. Viani's documents are all on submission, and we've read them, of course. Thank you very much. We'll reserve decision. Thank you.